IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ERVIN BERNARD EARL,  :

    Petitioner,  :

                            CIVIL ACTION 10-0033-WS-M

v.  :

                          CRIMINAL ACTION 06-0136-WS-M

UNITED STATES OF AMERICA,  :

    Respondent.  :

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 86). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Petitioner's Motion to Vacate (Docs. 86) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Ervin Bernard Earl.

On September 14, 2006, following a trial by jury, Petitioner was found guilty of retaliation against a witness in violation of 18 U.S.C. §§ 1513(a)(1)(A) and (c), 1513(a)(1)(B),

1

1513(b)(1), and 1513(b)(2) and the use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Doc. 23, Attachment 2).  United States District Judge Steele sentenced Petitioner to a term of twenty years and three terms of ten years on the convictions, to be served concurrently, as well as a term of ten years to be served consecutively to the other terms.  Earl was also sentenced to five years of supervised release on three of the counts and three years on two of the counts following his release from prison, all to run concurrently, and an assessment of five hundred dollars (Doc. 30).  Earl appealed his conviction (Doc. 29) which was affirmed by the Eleventh Circuit Court of Appeals (Doc. 65).

    Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on January 19, 2010 (Doc. 74) which was struck because it had not been signed (Doc. 77).  The Court did, however, give Earl additional time to properly sign the form and resubmit it to the Court (Doc. 79).

    Instead, Petitioner filed a second Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on March 16, 2010 which, again, was not signed (Doc. 80).  The Court notified Earl of the deficiency and Ordered him, on March 22, 2010, to refile a signed petition (Doc. 81).  On July 19, 2010, Respondent filed a Motion to Dismiss Earl's Motion as having

been improperly filed (Doc. 84). The next day, the undersigned entered a report and recommendation that Respondent's Motion to Dismiss be granted, that Petitioner's Motion to Vacate be denied, and that this action be dismissed (Doc. 85). On August 12, Petitioner filed another Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255; this one was signed (Doc. 86). So, the undersigned withdrew the report and recommendation so that this action could proceed (Doc. 89).[1]

In his signed Motion to Vacate, Earl raised the following claims: (1) his trial attorney rendered ineffective assistance in that he did not call witnesses who could have given testimony favorable to his defense; and (2) the judge sentenced him to more time than is allowed (Doc. 86, pp. 4-5). Respondent has responded to the Motion (Doc. 91).

In his first claim, Petitioner asserts that his attorney rendered ineffective assistance in that he did not call witnesses who could have given testimony favorable to his defense.[2] In *Strickland v. Washington*, 466 U.S. 668 (1984), the

---

[1] The Court notes that documents 80 and 86 are identical, except that Petitioner signed the latter. Therefore, as the Court is going to proceed with document 86, it is **ORDERED** that document 80 be **STRUCK** from the record.

[2] Earl actually raises two claims that are indistinguishable. Specifically, in one, Petitioner claims that "there was a third party that was in the room when the government witness said I said something that was untrue. If my lawyer would have call him, things would've been different" (Doc. 86, ¶ 10a(ii)). In the second, Petitioner

United States Supreme Court defined the showing a habeas petitioner must make to prevail on an ineffective assistance claim:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the sixth amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Id*. at 687.

In reviewing Earl's assertions, the Court notes that he has not stated who the government witness was or what he said that was untrue, the name of the witness that could have refuted the government witness's testimony, or the specific testimony that would have been given by his witness. In other words, Petitioner has provided no specific details as to how his attorney's failure to call a particular witness would have

---

claimed that he gave his attorney "a list of people to subpoena and he only call who he wanted and not the person who could have prove that I never said or did what the government witness claim" (Doc. 86, ¶

resulted in anything other than his conviction. The Court finds that Earl's claim is "wholly conclusory and unsupported by factual allegations or proof." *United States v. Jones*, 614 F.2d 80, 82 (5th Cir.), *cert. denied*, 446 U.S. 945 (1980).[3] The Court finds no merit in Petitioner's claim of ineffective assistance of counsel in that he has failed to show how his attorney was deficient or how he was prejudiced by the deficiency.

Earl next claims that the judge sentenced him to more time than is allowed. Petitioner specifically stated that the "Judge said he was giving me more time because of his feeling towards my case" (Doc. 86, ¶ 10c(ii)).

The Court notes that Earl's attorney, on appeal, filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which stated the following:

> **II. SENTENCING**
>
> A. Did the trial court improperly sentence the Defendant on Count III.
>
> *Standard of Review:* Under the plain error standard, before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all

---

10b(ii)).
   [3]**Error! Main Document Only.**The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Williams, 445 F.3rd 1302 (11th Cir. 2006)*.

No objections were made to the findings in the P.S.I. Report (PSI), the sentence imposed or the way in which it was imposed. It appears, however, that the report as adopted by the district court did contain error and that the Court improperly sentenced Earl. This error appears to be plain error but it does not affect any substantial rights of the Defendant and therefore is not subject to correction by the appeal court. Specifically, the trial court sentenced Earl to 20 years for Count III when it appears only a maximum of 10 years could be imposed. Title 18 § 1513(b)(2) carries a maximum sentence of 10 years. The PSI suggests subsection (C) of § 1513 makes the maximum sentence in the Demetrius Robinson case which was life, available in Earl's case. See Paragraph 82 PSI. However, subsection (C) is applicable only if the victim, Savage, had "*attended*" or "*testified*" in a criminal case. The testimony at trial was that Savage had testified at the grand jury (official proceeding) and had cooperated. Richardson plead guilty before his trial commenced and the record does not indicate that Earl *attended* or *testified* in a criminal case. The ultimate sentence imposed, however, is not affected by this apparent error. The 20 year sentence imposed by the court was concurrent with 20 year concurrent sentences correctly imposed in counts I and II. In other words, correction or limiting the sentence to 10 years for Court III does not alter the ultimate sentence imposed by the court.

> B. Was the sentence unreasonable.
>
> *Standard of Review:* The court will review the sentence for unreasonableness in light of the factors in §3553(a) and the reasons given by the District Court. *U.S. v. Robaina,* 194 Fed Appx. 735, 2006 U.S. App. Lexis 22586 (11th Cir. 2006).
> In this case the court articulated on the record at the sentencing hearing its consideration of the §3553(a) factors and his reasoning for imposing the sentence he imposed. (ST 6-10) §3553(C)(2) requires that if the District Court sentences a defendant above the guideline range, it must not only articulate its reasons on the record at the sentencing hearing but must also include the reasons for the departure in the written judgment. However, this Court has held in *U.S. v. Loggins,* 165 Fed.Appx. 785, 2006 U.S.App. Lexis 2551 (11th Cir. 2006) in the absence of an objection by defendant he must demonstrate "plain error" and that such error affected substantial rights. As in Loggins, a case factually on point, this defendant cannot demonstrate that his rights have been affected. The transcript of his sentencing hearing disclosed fully the District Court's reasons for imposing the sentence it did such that the sentence may be adequately reviewed on appeal.

*United States v. Earl*, 2007 WL 5128968 at 11-13 (11th Cir. 2008). The Eleventh Circuit Court of Appeals' judgment order stated that "independent review of the entire record reveal[ed] that counsel's assessment of the relative merit of the appeal [was] correct [as] independent examination of the entire record reveal[ed] no issues of arguable merit" (Doc. 65). As

Petitioner has failed to bring forth anything more than assertions of an improper sentence, the Court finds no reason to upset the opinion entered by the Appellate Court.

Earl has raised two claims in this petition. Both are without merit. Therefore, it is recommended that the petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Ervin Bernard Earl.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Inasmuch as the Court has found that Earl has failed to assert sufficient facts to support a claim of constitutional error, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). It is suggested that Earl will not be able to make that showing.

## CONCLUSION

The Magistrate Judge recommends that Petitioner's Motion to Vacate, filed pursuant to 28 U.S.C. § 2255, be dismissed. Furthermore, it is recommended that a finding be made that Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of

9

> objection shall specify those portions of the
> **recommendation to which objection is made and the**
> basis for the objection.  The objecting party shall
> submit to the district judge, at the time of filing
> the objection, a brief setting forth the party's
> arguments that the magistrate judge's recommendation
> should be reviewed de novo and a different disposition
> made.  It is insufficient to submit only a copy of the
> original brief submitted to the magistrate judge,
> although a copy of the original brief may be submitted
> or referred to and incorporated into the brief in
> support of the objection.  Failure to submit a brief
> in support of the objection may be deemed an
> abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

   DONE this 17th day of March, 2010.


                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE